[Tagged Opinion]



**ORDERED in the Southern District of Florida on May 9, 2012.**

Erik P. Kimball, Judge
United States Bankruptcy Court
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                                                            Case No. : 11-18801-EPK

JAMES T. HELM,                                                           Chapter 7

      Debtor.
_____/

### ORDER ON OBJECTIONS TO EXEMPTIONS AND MOTIONS FOR TURNOVER AS TO PROPERTY HELD BY DEBTOR AND NONDEBTOR SPOUSE AS TENANTS BY THE ENTIRETY

      In this case, the debtor seeks to exempt from property of the estate a bank account and household furniture owned with his non-debtor spouse as tenants by the entirety. The chapter 7 trustee and certain creditors assert that such property is not exempt to the extent of the claims of joint unsecured creditors of the debtor and his spouse. The debtor argues that only 50% of such property should be included as property of the estate and be subject to administration by the trustee. As discussed below, the Court rules that the debtor's bank account and household furniture are non-exempt in their entirety, and that proceeds of such property may be distributed by the chapter 7 trustee to joint creditors of the debtor

and his spouse to the extent of their joint unsecured claims, with any remainder to be returned to the debtor and his spouse.

This matter came before the Court for hearing on April 5, 2012 upon the *Objection to Debtor's Exemptions in Certain Property* [ECF No. 36] filed by CK St. Lucie Holding LLC; the *Trustee's Objections to Exemptions and Motion for Turnover* [ECF No. 77] filed by Michael R. Bakst as Trustee in Bankruptcy for Debtor James T. Helm (the "Trustee"); the *Trustee's Objections to Exemptions and Motion for Turnover* [ECF No. 94] filed by the Trustee; *Blue Mountain Florida, LLC's Objection to Debtor's Claimed Exemptions* [ECF No. 104] filed by Blue Mountain Florida, LLC; and *Casa Del Sol of Tequesta's Objection to Debtor's Claimed Exemptions* [ECF No. 105] filed by Casa Del Sol of Tequesta, LLC (collectively, the "Objections"). CK St. Lucie Holding LLC, Blue Mountain Florida, LLC, and Casa Del Sol of Tequesta, LLC (together, the "Objecting Creditors") object to the claims of James T. Helm (the "Debtor") on his Schedule C that a bank account with PNC and household furniture are exempt from property of the estate on the ground that they are held with the Debtor's non-filing spouse, Kim Ingram Helm ("Ms. Helm"), as tenants by the entirety. The Objecting Creditors seek a determination that the PNC bank account and household furniture are not exempt because there are joint unsecured claims against the Debtor and Ms. Helm. The Trustee objects to the Debtor's claim that the PNC bank account and household furniture are exempt, seeks a determination that the Trustee can administer the PNC bank account and household furniture for the benefit of joint unsecured creditors of the Debtor and Ms. Helm, and seeks an order compelling the turnover of the PNC bank account and household furniture.[1]

On March 31, 2011, the Debtor, a Florida resident, filed a voluntary petition for

---

[1] Following the April 5, 2012 hearing, the Court entered its *Order on Objections to Exemptions and Motions for Turnover* [ECF No. 204], addressing other relief requested in the Objections pursuant to an agreement of the parties announced at the hearing.

2

relief under chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code")², commencing the above-captioned case. The Debtor's petition was not a joint petition and Ms. Helm has not separately filed for bankruptcy protection. On Schedule B to the petition, the Debtor listed a "PNC Bank Account – PNC Bank, Jupiter, FL – Account titled: Kim Ingram Helm & James T. Helm as Tenants by the Entireties, Acct. No.: xx-xxxx-3439" and "Household Furniture" (together, the "Property"). On Schedule C to the petition, the Debtor listed the Property as exempt to the extent of its full value pursuant to *In re Avins*, 19 B.R. 736 (Bankr. S.D. Fla. 1982).³ The court in *Avins* stated that property held in tenancy by the entirety in Florida is exempt from the claims of individual creditors. 19 B.R. at 737. As used by the Debtor on his Schedule C, the reference to *Avins* is shorthand for claiming that the Property is exempt pursuant to section 522(b)(3)(B) because it is held by the Debtor and Ms. Helm as tenants by the entirety.

The commencement of a bankruptcy case creates an estate comprising substantially all legal and equitable interests of the debtor in property as of the petition date. 11 U.S.C. § 541(a)(1). The bankruptcy estate includes a debtor's interest in property held with the debtor's spouse as tenants by the entirety. *See In re Monzon*, 214 B.R. 38, 40 (Bankr. S.D. Fla. 1997). However, the Bankruptcy Code provides debtors with the ability to exempt certain property from the estate under section 522(b). Section 522(b)(3)(B) allows a debtor to exempt

> any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable non-bankruptcy law.

11 U.S.C. § 522(b)(3)(B).

---

[2] Unless otherwise indicated, the terms "section" or "sections" used in this Order refer to sections of the Bankruptcy Code.
[3] The Debtor subsequently filed his Amended Schedules B and C [ECF No. 85], in which the Debtor indicates the value of the PNC bank account is $74,519.88, rather than $80,359.27 as originally scheduled. The Debtor has consistently indicated the value of the household furniture is $2,000.00.

A tenancy by the entirety in Florida "is an estate that can only exist between a husband and wife where both spouses own and control the entire estate." *In re Himmelstein*, 203 B.R. 1009, 1012 (Bankr. M.D. Fla. 1996) (internal citation omitted). "Under Florida law, entireties property is exempt from process to satisfy debts owed to individual creditors of either spouse . . . Entireties property is *not* exempt from process to satisfy joint debts of both spouses." *In re Monzon*, 214 B.R. at 40-41 (emphasis in original) (internal citations omitted). In order for the entireties exemption to be defeated, the joint debt need not be reduced to judgment prior to the petition date. *Id.* at 42. If at some point a joint creditor could have had process issued against the entireties property under applicable non-bankruptcy law, then the debtor's interest in the entireties property is property of the estate and may be administered by the trustee. *Id.* However, if the only joint debt is fully secured by the entireties property, the trustee may not administer the entireties property because such a joint secured creditor "is fully secured and protected outside of bankruptcy . . . ." *Id.*

Once the entireties exemption is defeated and the entireties property comes into the estate, the asset is subject to administration under section 704. In order to realize on the asset, the trustee may sell both the estate's interest and the co-owner's interest under section 363(h). The non-exempt, entireties property is subject to distribution under section 726. However, distribution is limited to joint creditors of the debtor and non-debtor spouse because, under Florida law, a debtor's individual creditors cannot reach entireties property, and individual creditors "cannot obtain a different and more favorable result in bankruptcy by sharing in the distribution of [entireties] assets." *In re Monzon*, 214 B.R. at 46 (internal citation omitted).

The parties stipulate that the Property is held by the Debtor and Ms. Helm as tenants by the entirety and that there is at least one joint unsecured creditor. The question

4

presented is what portion of the Property comes into the estate and becomes subject to administration.[4] The Objecting Creditors and the Trustee rely on *Monzon* and assert that the entireties exemption is defeated to the extent of the total claims of joint unsecured creditors who could have had process issued against the Property. The Debtor asserts that only 50% of the Property comes into the estate, with the other 50% remaining with Ms. Helm. The Objecting Creditors and the Trustee present the more persuasive argument.

Citing to *Himmelstein*, the court in *Monzon* stated that when property is held by a debtor and non-debtor spouse as tenants by the entirety, "all of the equity in entireties property up to the amount of the joint debts comes into the estate." *Monzon*, B.R. 214 at 44 n.5 (internal citation omitted). "[A]n interest in tenancy by the entireties is [not] equivalent to one half of the equity in the property, but rather . . . an inseverable interest in the whole. Therefore, if a joint judgment creditor exists, all of the equity in the entireties property comes into the estate . . . and the remaining equity is exempt." *Himmelstein*, 203 B.R. at 1016.

At least one case analyzing Florida tenancy by the entireties law supports the Debtor's position. *See In the Matter of Anderson*, 132 B.R. 657 (Bankr. M.D. Fla. 1991). In *Anderson*, the court held that the sale under section 363(h) of property held by the debtor and non-debtor spouse as tenants by the entireties severs the entireties protection, causing the property to be held in tenancy in common, and only the debtor's one-half interest is available for distribution to creditors. 132 B.R. at 660. The court in *Anderson* reasoned that joint creditors of a debtor and non-debtor spouse should not be entitled to a special priority, favoring them above other creditors of the estate, and so the debtor's interest in entireties

---

[4] At the April 5, 2012 hearing, counsel for CK St. Lucie Holding LLC requested an order directing that the Property be distributed directly to joint unsecured creditors without being administered by the Trustee. The Court denied this request. To the extent not exempt from the estate, like all other property of the estate, entireties property becomes subject to administration under section 704.

property is subject to distribution to all unsecured creditors of the debtor.  The non-filing spouse's one-half interest is returned to the spouse so that the debtor's individual creditors do not benefit from it. *See In re Matter of Anderson*, 132 B.R. at 660.

The Court agrees with *Himmelstein* and *Monzon*, which held that allowing all unsecured creditors to reach entireties property would give non-joint creditors a right in bankruptcy that does not exist under Florida law. *In re Himmelstein*, 203 B.R. at 1015-16; *In re Monzon*, 214 B.R. at 47.  Only joint unsecured creditors of the Debtor and Ms. Helm are entitled to a distribution from the Property.

The Property is held by the Debtor and Ms. Helm as tenants by the entirety.  There is at least one joint unsecured creditor.  Therefore, the Debtor does not have the benefit of exemption under section 522(b)(3)(B) to the extent of the claims of joint unsecured creditors who could have had process issued against the Property.  To such extent, the Property is property of the estate and may be administered by the Trustee with the proceeds distributable to joint unsecured creditors.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Objections [ECF Nos. 36, 77, 94, 104, and 105] are SUSTAINED as to the Property.

2. The Debtor's claimed exemptions to the Property are DISALLOWED and such property is property of the estate subject to administration to the extent of the total claims of joint unsecured creditors of the Debtor and Ms. Helm who could have had process issued against such Property under applicable non-bankruptcy law.

3. The *Trustee's Objections to Exemptions and Motion for Turnover* [ECF No. 77] and the *Trustee's Objections to Exemptions and Motion for Turnover* [ECF No. 94] are GRANTED as to the Property.

4. No later than 14 days from the entry of this Order, the Debtor and Ms. Helm

shall deliver the Property to the Trustee.

###

Copies furnished to:

Michael R. Bakst

*Michael R. Bakst is directed to serve a copy of this Order on all appropriate parties and file a certificate of service with the Court.*